FILED
2010 NOV -4 AM 11: 36
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

1  JOHN B. BULGOZDY, Cal. Bar No. 219897
   Email:  bulgozdyj@sec.gov
2  PAYAM DANIALYPOUR, Cal. Bar No. 212621
   Email:  danialypourp@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
5  Michele Wein Layne, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
6  Los Angeles, California 90036
   Telephone:  (323) 965-3998
7  Facsimile:  (323) 965-3815

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

12  SECURITIES AND EXCHANGE           Case No. CV10 8383 -DSF
    COMMISSION,                                (PJWx)
13
         Plaintiff,
14
    vs.
15
    ALERO ODELL MACK, JR.;            COMPLAINT FOR VIOLATIONS
16  STEVEN ENRICO LOPEZ, SR.;         OF THE FEDERAL SECURITIES
    EASY EQUITY ASSET MANAGEMENT,     LAWS
17  INC.; EASY EQUITY MANAGEMENT,
    L.P.; EASY EQUITY PARTNERS, L.P.;
18  ALERO EQUITIES THE REAL ESTATE
    COMPANY, L.L.C.; and
19  ALERO I.X. CORPORATION,

20       Defendants.

21
22
23
24
25
26
27
28

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

## SUMMARY

1. This case involves a securities fraud conducted by Defendants Alero Odell Mack, Jr. ("Mack") and Steven Enrico Lopez, Sr. ("Lopez"), and five companies that Mack controls: Defendants Easy Equity Asset Management, Inc. ("EEAM"); Easy Equity Management, L.P. ("EEM"); Easy Equity Partners, L.P. ("EEP"); Alero Equities The Real Estate Company L.L.C. ("AREC"); and Alero I.X. Corporation ("AIX") (hereinafter collectively "Easy Equity," and together with Mack and Lopez, "Defendants"). From January 2007 through as late as March 2010, Easy Equity, Mack, and Lopez obtained investor funds through various fraudulent investment schemes that primarily involved the offer and sale of investments in various purported hedge funds, as well as in an investment adviser to a hedge fund. In total, Defendants raised approximately $4 million from at least 25 investors in California and Arizona.

2. Defendants made various false and misleading statements to induce individuals to invest in the various Easy Equity offerings and investments, including representations regarding their prior investment performance, use of investor money, Easy Equity's purportedly unique access to the NYSE trading floor, and Mack's status as a "funding partner" with a major Wall Street investment bank. However, contrary to representations made by Defendants, the representations about prior performance were inflated, overstated, and false; Mack was not a "funding partner" of any major Wall Street investment bank; and Easy Equity did not have unique access to a NYSE trading floor. Moreover, Defendants actually invested no more than $1.3 million of the approximately $4 million of investor funds raised through the various offerings, and Mack and Lopez misappropriated the remaining investor funds for their personal use, and to pay referral fees to investors for bringing in new investors.

2

3. Defendants, by engaging in the conduct described in this Complaint, have violated, and unless enjoined will continue to violate, the antifraud provisions of the federal securities laws. By this complaint, the Commission seeks a judgment from the Court: (a) enjoining all Defendants from engaging in future violations of the antifraud provisions of the federal securities laws; (b) ordering disgorgement, with prejudgment interest, of all Defendants' illicit profits as a result of the actions described herein; and (c) ordering Mack and Lopez to pay civil monetary penalties.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1), and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a), Sections 21(d)(1), 21(d)(3)(A), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa, and Sections 209(d), 209(e)(1), and 214 of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-9(d), 80b-9(e)(1) & 80b-14. Defendants have, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged in this complaint.

5. Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and Section 214 of the Advisers Act, 15 U.S.C. § 80b-14, because certain of the transactions, acts, practices, or courses of conduct constituting violations of the federal securities laws occurred within this district, and all of the Defendants reside and/or are located in this district.

## DEFENDANTS

6. **Alero Odell Mack, Jr.**, age 45, resides in Los Angeles, California and is the owner and manager of all of the Easy Equity entities. Mack holds a

1  Series 65 license but is not registered with the Commission in any capacity.

2      7.    **Steven Enrico Lopez, Sr.**, age 52, resides in Beverly Hills, California and served as the trader and portfolio manager at Easy Equity. He is not registered with the Commission in any capacity.

    8.    **Easy Equity Asset Management, Inc.** ("EEAM") is a pooled investment vehicle and a California corporation based in Beverly Hills, California, that is owned and controlled by Mack. EEAM was marketed and sold to investors by Defendants as a hedge fund and, in some cases, as an investment adviser to a hedge fund. EEAM maintained a brokerage account where some investor funds were deposited. Investors in EEAM received preferred stock certificates as evidence of ownership.

    9.    **Easy Equity Management, L.P.** ("EEM") is a California limited partnership based in Beverly Hills, California, that is owned and controlled by Mack. On April 3, 2008, EEM registered with the State of California as an investment adviser. EEM was the general partner of Easy Equity Partners, L.P. and purported to be its investment adviser.

    10.    **Easy Equity Partners, L.P.** ("EEP") is a pooled investment vehicle and a California limited partnership based in Beverly Hills, California, that is owned and controlled by Mack. EEP purported to be a hedge fund investing in the securities markets. Investors were solicited to and did invest in EEP.

    11.    **Alero Equities The Real Estate Company, LLC** ("AREC") is a pooled investment vehicle and a California limited liability company based in Beverly Hills, California, that is owned and controlled by Mack. AREC was presented to investors as a company that acquired, renovated, managed and sold a variety of real estate properties and engaged in securities investment activities similar to those of a hedge fund. In advertisements, Easy Equity was generally described as a division of AREC. Defendants solicited investors to purchase interests in AREC and sold interests in AREC to investors.

12. **Alero I.X. Corporation** ("AIX") is a California corporation based in Beverly Hills, California, that is controlled by Mack. AIX offered a specific investment program to investors.

## FACTUAL ALLEGATIONS

A. **Easy Equity's Various Investment Offerings**

13. From approximately January 2007 through as late as March 2010, Easy Equity, Mack, and Lopez recruited at least 25 investors to invest in multiple Easy Equity programs, under the generic Easy Equity, as well as the EEAM, EEP, AREC, and AIX labels. Although Mack and Lopez offered several different investment programs to investors, all of the offering entities were owned, controlled, and managed by Mack, and served as his alter egos. Mack commingled investor funds received in different offerings among various bank and brokerage accounts that he controlled, and Mack controlled the disbursement of the investor proceeds from all the Easy Equity offerings.

14. **The EEAM Offering:** Defendants Mack, Lopez, and EEAM sold at least $1.4 million of preferred stock in EEAM to investors from January 2007 through June 2009. Defendants represented that EEAM was offering an investment in a hedge fund, in an investment adviser to a hedge fund, or both. However, EEAM did not serve as an investment adviser to any hedge funds. Mack and Lopez represented to some investors that money invested with EEAM would be invested in the stock market. EEAM had a securities trading account managed by Lopez, which generated trading losses during all relevant periods.

15. **The AREC Offering:** Defendants offered interests in AREC in mid-2008, and raised at least $850,000 from four investors. The AREC purchase agreement represented to investors that AREC was to acquire, renovate, manage, and sell a variety of real estate properties, and invest in securities. Lopez told at least one investor that AREC was a hedge fund owned by Mack.

16. **The EEP Offering:** Defendants offered and sold at least $1.7 million

of EEP to investors from August 2008 through March 2010. Offering materials disseminated to potential investors by Mack described EEP as a hedge fund, and stated that EEP's "business . . . is buying and selling securities of medium to large capitalized companies, including stocks, warrants, rights and options." The EEP offering brochures identified Defendant Lopez as the person who would conduct trading for EEP, and Lopez told at least one investor that their funds would be invested in the stock market. In a summary of the offering memorandum for EEP, Co-Defendant EEM was identified as the investment adviser to EEP. Although EEP owned a trading account in which Defendants generated trading profits during all relevant periods, actual returns to EEP investors were negative when factoring in fees and withdrawals.

17.   **The Chase Program:** Since January 2010, Mack has offered an investment he called the "Chase 1 Day Private Placement Platform Program" (the "Chase Program"), which required investors to deposit $5.5 million in AREC's account. Mack represented to potential investors that an investment in the Chase Program would result in the purchase of a U.S. Treasury obligation that would be repurchased by the bank and produce a 100% return in only one day. However, no such program existed.

B.   **Defendants Made False and Misleading Statements to Investors**

1.   **Defendants' Solicitation Methods**

18.   Although Mack and Lopez offered and sold interests in various Easy Equity programs during the relevant period, oftentimes their representations to investors during solicitations were not specific as to any particular investment or offering, and were more general in nature. Mack held himself out to potential investors as an investment adviser who was accomplished in all aspects of real estate investment. Mack marketed Lopez as Easy Equity's trader and portfolio manager whose "privately managed accounts have earned over 300% rates of return during certain periods of the fiscal year . . . ." Lopez served as the securities

portfolio manager for Easy Equity, including selecting securities to be bought and sold in Easy Equity's various trading accounts, and placing the trade orders.

19.     Mack, Lopez, and Easy Equity encouraged current investors to recruit new investors from among friends, family members, and co-workers. If potential investors expressed interest, then the recruiters arranged for them to meet with Mack and/or Lopez, at Easy Equity's office or Lopez's residence, so that Mack and/or Lopez could provide additional information and close the sale. Current investors were told that they would receive a commission of between 0.25% to 5% on the principal amount invested by those they recruited. Such commission payments were recorded on the books of Easy Equity as "consultancy" fees, dividends, or commissions, and were paid from new investors' capital.

20.     During the early years of the Easy Equity offerings, Defendants operated primarily out of Lopez's residence until Mack obtained lavish offices for Easy Equity, apparently using investor funds for the purpose. Lopez's residence, and then Easy Equity's new office, were outfitted with computers and several flat screen monitors that constantly displayed market information. Potential investors were told that this equipment was Easy Equity's trading center. Defendants solicited and obtained investors who resided in California and Arizona, and focused their solicitations primarily on persons who were unsophisticated in securities investments and/or who had little to no investment or financial experience.

### 2. **Defendants' Misrepresentations About Performance and Returns**

21.     Mack and Lopez represented to investors that Easy Equity had consistently achieved positive returns, and Mack and Lopez made such representations verbally and in offering materials that they each provided to investors. One Easy Equity brochure advertised that Easy Equity had been "able to obtain staggering returns time and time again." Another Easy Equity brochure

7

1  advertised a 70% return. In fact, Defendants' representations were false and
2  misleading because the promised returns were substantially in excess of the net
3  returns that investors would realize, after fees and other expenses. For example,
4  while the EEP brochure advertised a 70% return, in fact the return to investors was
5  actually as low as negative 26% (-26%).

6      22.    Mack provided some investors with letters from an accountant who
7  had analyzed at least some of Easy Equity's accounts to assess returns. In cover
8  letters to these investors, Mack claimed that the returns excluded management fees
9  and expenses. However, neither Mack nor Easy Equity's accountant provided true
10 net returns for the periods analyzed in the letters. Mack or persons affiliated with
11 Mack apparently altered one of the accountant's letters in an effort to prevent the
12 recipient, an investor, from contacting Easy Equity's accountant.

13     23.    One Easy Equity marketing brochure stated that "Mr. Steve Lopez has
14 . . . a proven track record of constant returns of more than 30% yearly with zero
15 losses." In fact, Defendants' claim of zero losses is false. Easy Equity's internet
16 site touted "a proven track record of success," and that Easy Equity had "been able
17 to consistently average 18% to 20% percent [sic] for our clients year after year."
18 Lopez told at least one investor to expect to earn 20% per month, and another
19 investor that he could double her investment within 12 to 18 months. In fact, there
20 was no factual basis for such representations.

        **3.    <u>Defendants' Misrepresentations Concerning Use of Proceeds</u>**

23     24.    Mack and Lopez represented to investors that investor funds would be
24 deposited into a hedge fund account that traded in the securities markets, or
25 invested in an investment adviser. Instead, of the approximately $4 million of
26 investor funds raised by Mack and Lopez through the various Easy Equity
27 programs, only about $1.3 million was invested in securities. Defendant Mack
28 commingled all investor funds in various accounts of Easy Equity entities, where

some investor funds were used to compensate existing investors for referring new investors. Mack used other investor funds for office expenses or personal purposes. In total, Mack took at least $500,000 of investor funds for personal purposes, and Lopez obtained at least $577,000 of investor funds for personal purposes.

### 4. Mack's Misrepresentations and Omissions About His Background and Experience

25. Mack misrepresented his background and the operations of Easy Equity to investors. In a marketing brochure produced by Mack for one of the Easy Equity programs, he touted his "20 years of experience in real estate acquisition and asset management" and claimed to be a "real estate broker." In fact, Mack did not have a real estate broker's license, had only ever held a real estate salesperson license, and that had been partially revoked. Mack falsely described himself in another Easy Equity brochure as having been a "funding partner with JPMorgan Securities, Inc., New York City," when in fact no such relationship existed. In various advertisements, Mack and Easy Equity falsely represented that "[w]e are the Only Firm in the City that has a Trading Floor connected directly to the New York Stock exchange, the nation's financial head quarters [sic]," when in fact Defendants had no such connection.

26. At all times, in making the misrepresentations and omissions alleged, Defendants Mack, Lopez, EEAM, EEM, EEP, AREC, and AIX acted with scienter.

### FIRST CLAIM FOR RELIEF
### Fraud in the Offer or Sale of Securities in
### Violation of Section 17(a) of the Securities Act
### (Against All Defendants)

27. The Commission hereby incorporates by reference paragraphs 1 through 26 above.

9

28. Mack, Lopez, EEAM, EEM, EEP, AREC, and AIX, and each of them, by engaging in the conduct described above, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails directly or indirectly:

    a. With scienter, employed devices, schemes, or artifices to defraud;

    b. Obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c. Engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

29. By engaging in the conduct described above, Mack, Lopez, EEAM, EEM, EEP, AREC, and AIX violated, and unless enjoined will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## SECOND CLAIM FOR RELIEF

### Fraud in Connection With the Purchase or Sale of Securities in Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

**(Against Mack, Lopez, EEAM, EEM, EEP, and AREC)**

30. The Commission hereby incorporates by reference paragraphs 1 through 26 above.

31. Mack, Lopez, EEAM, EEM, EEP, and AREC, and each of them, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange:

    a. With scienter, employed devices, schemes, or artifices to defraud;

    b. Made untrue statements of a material fact or omitted to state a

material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  c. Engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

32. By engaging in the conduct described above, Mack, Lopez, EEAM, EEM, EEP, and AREC violated, and unless enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## THIRD CLAIM FOR RELIEF

**Fraud by an Investment Adviser in**

**Violation of Sections 206(1) and (2) of the Advisers Act**

**(Against Mack, Lopez, and EEM)**

33. The Commission hereby incorporates by reference paragraphs 1 through 26 above.

34. At all relevant times, Mack, Lopez, and EEM, and each of them, acted as investment advisers, as defined by Section 202(a)(11) of the Advisers Act, 15 U.S.C. § 80b-2(a)(11).

35. Mack, Lopez, and EEM, and each of them, by engaging in the conduct described above, directly or indirectly, by the use of the mails or means and instrumentalities of interstate commerce:

  a. With scienter, employed devices, schemes or artifices to defraud clients or prospective clients; or

  b. Engaged in transactions, practices, or courses of business which operated as a fraud or deceit upon clients or prospective clients.

36. By engaging in the conduct described above, Mack, Lopez, and EEM violated and unless enjoined will continue to violate Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

## FOURTH CLAIM FOR RELIEF

### Fraud by an Investment Adviser in Violation of
### Section 206(4) of the Advisers Act and Rule 206(4)-8 Thereunder
### (Against Mack, Lopez, and EEM)

37. The Commission hereby incorporates by reference paragraphs 1 through 26 above.

38. At all relevant times, Mack, Lopez, and EEM, and each of them, acted as investment advisers, as defined by Section 202(a)(11) of the Advisers Act, 15 U.S.C. § 80b-2(a)(11).

39. Mack, Lopez, and EEM, and each of them, by engaging in the conduct described above, directly or indirectly, by the use of the mails or means and instrumentalities of interstate commerce, engaged in transactions, practices, and courses of business which operated as a fraud or deceit upon investors in pooled investment vehicles. Mack, Lopez, and EEM, and each of them, made untrue statements of a material fact or omitted to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in pooled investment vehicles, and otherwise engaged in acts, practices or courses of business that were fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in pooled investment vehicles.

40. By engaging in the conduct described above, Mack, Lopez, and EEM violated and unless enjoined will continue to violate Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

///

///

### I.

Issue findings of fact and conclusions of law that the Defendants committed the alleged violations.

### II.

Issue judgments, in forms consistent with Fed. R. Civ. P. 65(d), permanently enjoining Defendants Mack, Lopez, EEAM, EEM, EEP, AREC, and AIX, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### III.

Issue judgments, in forms consistent with Fed. R. Civ. P. 65(d), permanently enjoining Defendants Mack, Lopez, EEAM, EEM, EEP, and AREC, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

### IV.

Issue judgments, in forms consistent with Fed. R. Civ. P. 65(d), permanently enjoining Defendants Mack, Lopez, and EEM, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Sections 206(1), (2), and (4) of the Advisers Act, 15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8).

///
///

## V.

Order each Defendant to disgorge all ill-gotten gains from their illegal conduct, together with prejudgment interest thereon.

## VI.

Order each Defendant to pay civil penalties under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e).

## VII.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VIII.

Grant such other and further relief as this Court may determine to be just and necessary.

DATED: November 4, 2010

_____
Rayam Danialypour
Attorney for Plaintiff
Securities and Exchange Commission

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SECURITIES AND EXCHANGE COMMISSION

**DEFENDANTS**
ALERO ODELL MACK, JR.; STEVEN ENRICO LOPEZ, SR.; EASY EQUITY ASSET MANAGEMENT, INC.; EASY EQUITY MANAGEMENT, L.P.; EASY EQUITY PARTNERS, L.P.; ALERO EQUITIES THE REAL ESTATE COMPANY, L.L.C.; and ALERO I.X. CORPORATION

Los Angeles County

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
John B. Bulgozdy and/or Payam Danialypour     (323) 965-3998
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90036

**Attorneys (If Known)**
Mark A. Pittman     (800) 919-2219
Blackstone Law Group, Inc.
400 Continental Boulevard, Suite 600
Los Angeles, CA 90245

Sylvia M. Scott     (310) 255-6161
Freeman Freeman & Smiley
3415 S. Sepulveda Boulevard, 12th Floor
Los Angeles, CA 90034

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The Complaint alleges violations of the federal securities laws. 15 U.S.C. § 77q(a); 15 U.S.C. § 78j(b) & 17 C.F.R. § 240.10b-5; 15 U.S.C. §§ 80b-6(1) & 80b-6(2); and

**VII. NATURE OF SUIT** (Place an X in one box only.)     15 U.S.C. § 80b-6(4) & 17 C.F.R. § 275.206(4)-8.

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☑ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 8383

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) 
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|   |   |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |   |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |   |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** /s/ Dayn Dwyer    **Date** 11/04/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

John B. Bulgozdy, Cal. Bar No. 219897
Email: bulgozdyj@sec.gov
Payam Danialypour, Cal. Bar No. 212621
Email: danialypourp@sec.gov
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998 / Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION

PLAINTIFF(S)

v.

ALERO ODELL MACK, JR.; STEVEN ENRICO LOPEZ, SR.; EASY EQUITY ASSET MANAGEMENT, INC.; EASY EQUITY MANAGEMENT, L.P.; EASY EQUITY PARTNERS, L.P.; ALERO EQUITIES THE REAL ESTATE COMPANY, L.L.C.; and ALERO I.X. CORPORATION

DEFENDANT(S).

CASE NUMBER

CV10 8383-DSF(PJWx)

**SUMMONS**

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _John B. Bulgozdy or Payam Danialypour_, whose address is _SEC, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __- 4 NOV 2010__

Clerk, U.S. District Court

By: __SHAWN DAVIS / MARILYN DAVIS__
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

```
CV10- 8383 DSF (PJWx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY