JS 6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     vs.<br><br>ALERO ODELL MACK, JR.;<br>STEVEN ENRICO LOPEZ, SR.;<br>EASY EQUITY ASSET MANAGEMENT,<br>INC.; EASY EQUITY MANAGEMENT,<br>L.P.; EASY EQUITY PARTNERS, L.P.;<br>ALERO EQUITIES THE REAL ESTATE<br>COMPANY, L.L.C.; and<br>ALERO I.X. CORPORATION,<br><br>          Defendants. | Case No. CV 10-8383 DSF (PJWx)<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST ALERO ODELL MACK, JR.** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Motion for Summary Judgment Against Alero Odell Mack, Jr. by Plaintiff Securities and Exchange Commission ("Commission") came before the Court. The Court, having considered the Commission's Motion, the Memorandum of Points and Authorities and the other documents filed in support of the Motion, finds that:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Commission's Motion for Summary Judgment against Defendant Mack is GRANTED.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Mack and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Mack and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, of the mails, or of any facility of a national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Mack and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1)-(2), by using the mails or means and instrumentalities of interstate commerce, while acting as an investment adviser, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Mack and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 promulgated thereunder, 17 C.F.R. § 275.206(4)-8, by the use of the mails or means and instrumentalities of interstate commerce, directly or indirectly, while acting as an investment adviser to a pooled investment vehicle, to:

(a)     make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(b)     otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Mack is liable for disgorgement of $1,079,879 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $58,905.32 and a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e)(1) of the Advisers Act, 15 U.S.C. § 80b-9(e)(1).  Defendant Mack shall satisfy this obligation by paying $1,288,784.32 to the Commission within 14 days after entry of this Final Judgment.

Defendant Mack may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account or by credit or debit card via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Mack may also pay by certified check, bank cashier's check, or United States postal money order payable to the Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

4

1    Oklahoma City, OK 73169

2  and shall be accompanied by a letter identifying the case title, civil action number,

3  and name of this Court; Alero Odell Mack, Jr. as a Defendant in this action; and

4  specifying that payment is made pursuant to this Final Judgment.

5    Defendant shall simultaneously transmit photocopies of evidence of

6  payment and case identifying information to the Commission's counsel in this

7  action.  By making this payment, Defendant Mack relinquishes all legal and

8  equitable right, title, and interest in such funds and no part of the funds shall be

9  returned to Defendant Mack.  The Commission shall send the funds paid pursuant

10  to this Final Judgment to the United States Treasury.

11    The Commission may enforce the Court's judgment for disgorgement and

12  prejudgment interest by moving for civil contempt (and/or through other collection

13  procedures authorized by law) at any time after 14 days following entry of this

14  Final Judgment.  Defendant Mack shall pay post judgment interest on any

15  delinquent amounts pursuant to 28 U.S.C. § 1961.

16  ## VII.

17    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

18  Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

19  of this Final Judgment.

20  ## VIII.

21    There being no just reason for delay, pursuant to Rule 54(b) of the Federal

22  Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

23  forthwith and without further notice.

24

25

26  Dated:    August 7, 2012

27    _____

28    HON. DALE S. FISCHER
     UNITED STATES DISTRICT JUDGE